**Affirmed and Memorandum Opinion filed March 29, 2012.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-11-00554-CR

---

### AKANNI LAJUAN COLE, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 262nd District Court
Harris County, Texas
Trial Court Cause No. 1269918**

---

## M E M O R A N D U M   O P I N I O N

Appellant entered a plea of guilty to murder without an agreed recommendation on punishment. After a presentence investigation report was filed, the trial court sentenced appellant to confinement for 50 years in the Institutional Division of the Texas Department of Criminal Justice. On appeal, appellant complains that his guilty plea was made involuntarily and that, as a result, the trial court erred in denying his motion for a new trial. We affirm.

## Background

Appellant entered a plea of guilty to the offense of murder. The record reflects he was admonished in writing as to the range of punishment and waiver of trial by jury. Appellant initialed plea papers in which he acknowledged he reads and writes English, is mentally competent and understands the nature of the charges against him, understands the trial court's admonishments, waives oral admonishments, and understands the consequences of his plea. He further acknowledged that he freely, knowingly, and voluntarily executed the statement with the consent and approval of his attorney, and fully understands the consequences of his plea.

During appellant's first plea hearing, the trial court orally admonished appellant of the consequences of his plea and the range of punishment for murder. Appellant established on the record that he was entering a guilty plea without an agreed recommendation as to punishment, no promises were made to him by his counsel, the prosecutor, or the judge, he rejected an offer of 45 years imprisonment, and he was satisfied with trial counsel's representation. The trial court found sufficient evidence to find appellant guilty and announced the case would be reset for a presentence investigation report.

After the presentence investigation report was completed, the trial court held a punishment hearing. At the beginning of the hearing, appellant's attorney requested that appellant be permitted to withdraw his plea based on appellant's statement in the presentence investigation report. In the presentence investigation, appellant denied guilt and claimed that he killed the complainant in self defense. The trial court questioned appellant as to whether he wanted to have a jury trial on punishment. The court explained that it had accepted appellant's guilty plea and that he could choose to have a jury decide his punishment if that was his desire. Appellant responded that he did not

want a jury to decide his punishment, but that he wanted a presentence investigation.[1] Appellant's attorney then requested a continuance to have a psychiatric evaluation completed of appellant. In response to the court's question, appellant stated he had been previously diagnosed with bipolar disorder and schizophrenia. At the conclusion of the hearing, the trial court granted the motion for continuance for a psychological evaluation of appellant.

Following the psychological evaluation, the court reconvened the sentencing hearing. Appellant's attorney argued that appellant admitted his guilt and raised "no particular defenses, specifically, self-defense." Appellant's attorney noted that appellant suffered from mental health issues, but nothing that would rise to the level of either insanity or incompetence. The court assessed appellant's punishment at 50 years in prison.

After his sentencing, appellant filed a motion for new trial. As grounds for new trial, appellant stated, "The defendant bases his motion for new trial on articles 26.13 and 27.13, Tex. Code Crim. Proc." The trial court held a hearing on appellant's motion for new trial in which appellant argued his plea was involuntary because he mistakenly understood that he could raise self defense at the punishment hearing, and that the trial court could find him not guilty even after he pleaded guilty because the evidence would show that he acted in self defense.

In support of the motion for new trial, appellant submitted transcripts of his plea hearings and punishment hearing, and a copy of the presentence investigation report. The State submitted an affidavit from appellant's trial attorney. In his presentence investigation report, appellant recounted the offense as follows:

> On July 6, Reginald Harris came to my house to buy some Drugs from me, but he told me that the victim on this case had the money so I said why wouldn't he come up stairs to get it from me, [While] me and Reginald Harris was talking, Bubba AKA Chris Salinas came bye so we went out

---

[1] Appellant initially told the judge that he did not wish to plead guilty and that he wanted a jury trial. However, after the judge stated that the guilty plea already had been entered, appellant stated that he did not want a jury to decide his punishment.

side. When I seen the victim I give him the Dope. When I give it to him he pulled a knife on me. Being I was just shoot on 1-10-10, I had a gun on me and I thought he was going to stab me so I pulled my gun out. When he seen the gun he jump at me and me being nervous already, I shot him.

With regard to the issue of self defense, appellant's trial attorney stated in his affidavit:

Mr. Cole lied to me about his involvement in this case from the very beginning. [His] "story" went from: "I was not present when the murder took place (a lie after checking with his so called alibi); I heard about the killing at my apartment (another lie); I was present but did see who committed the murder (another lie) to I was present but did not commit the crime another person did (another lie). In fact Mr. Cole threatened the witness that if he told what happened Mr. Cole would kill him. Mr. Cole never mentioned anything about self defense. I specifically told Mr. Cole that the complainant had a knife and asked him if the complainant used, exhibited or threatened him with the knife. Mr. Cole emphatically said no and that he never saw a knife. I was the one who raised the issue of self defense. A defense that Mr. Cole continually denied. Since all of his versions had him not involved, a self defense argument was not appropriate.

## Voluntariness of Appellant's Plea

In a single issue, appellant contends the trial court erred in denying his motion for new trial because the record shows that appellant's guilty plea was not entered freely and voluntarily.

The standard of review for a trial court's order denying a motion for new trial is abuse of discretion. *Lewis v. State*, 911 S.W.2d 1, 7 (Tex. Crim. App. 1995). An appellate court does not substitute its judgment for that of the trial court, but decides only whether the trial court's decision overruling a motion for new trial was arbitrary and unreasonable. *Id.* The credibility of the witnesses is primarily a determination for the trial court. *Hoyos v. State*, 951 S.W.2d 503, 511 (Tex. App.—Houston [14th Dist.] 1997), *aff'd,* 982 S.W.2d 419 (Tex. Crim. App. 1998).

4

The defendant ordinarily has the burden of proof on a motion for new trial.  *See Patrick v. State*, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995).  As a general rule, appellate courts should afford almost total deference to the trial court's determination of historical facts supported by the record, especially, but not only, where based on an assessment of credibility and demeanor.  *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997); *Guardiola v. State*, 20 S.W.3d 216, 221–22 (Tex. App—Houston [14th Dist.] 2000, pet. ref'd).

A defendant's guilty plea must be made freely, voluntarily, and knowingly.  *Ex parte Evans*, 690 S.W.2d 274, 276 (Tex. Crim. App. 1985).  In determining whether a guilty plea is voluntary, this court considers the totality of the circumstances.  *George v. State*, 20 S.W.3d 130, 135 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd).

Before accepting a guilty plea, a trial court must admonish the defendant in accordance with article 26.13 of the Code of Criminal Procedure, either orally or in writing, to assure that the defendant understands the charges against him and the consequences of his plea.  *Ex parte Gibauitch*, 688 S.W.2d 868, 870 (Tex. Crim. App. 1985); Tex. Code Crim. Proc. Ann. Art. 26.13.

Proper admonishment by the trial court establishes a prima facie showing that the defendant entered into a knowing and voluntary plea.  *George*, 20 S.W.3d at 135.  A defendant may, of course, still raise the claim that his plea was not voluntary, but the burden shifts to him to demonstrate that he did not fully understand the consequences of his plea.  *See Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998).  Further, when a defendant affirmatively indicates at the plea hearing that he understands the proceeding's nature and is pleading guilty because the allegations in the indictment are true, not because of any outside pressure or influence, he has a heavy burden to prove that his plea was involuntary.  *George*, 20 S.W.3d at 135.

Here, appellant was admonished orally and in writing by the court.  Appellant signed and initialed written admonishments, which included the range of punishment, waiver of a jury trial, representations that he understood the consequences of his plea,

5

that he was mentally competent, that he made his plea freely and voluntarily, and that he was satisfied with his attorney's representation. When appellant raised the issue of withdrawal of his plea, the trial court specifically questioned appellant about his plea and whether he wanted a jury trial on punishment. Appellant restated his desire to seek a presentence investigation report and have the trial court assess punishment.

The trial court's admonishments substantially complied with the requirements of the Code of Criminal Procedure, and, therefore, there is a strong presumption that appellant's plea was voluntary. Because appellant stated that he understood the nature of the hearing and plea, he has a heavy burden to show that the plea was involuntary. *Id.*

Appellant's claim of self-defense directly conflicts with his trial counsel's account of events. There is direct as well as circumstantial evidence to indicate that appellant's plea was entered freely and voluntarily. Given the conflicting affidavits, and the totality of the circumstances, the trial judge could have reasonably decided that appellant's guilty plea was made knowingly and voluntarily. Appellant has not met his high burden to show the plea was involuntary; therefore, the trial court did not abuse its discretion in denying his motion for new trial. Appellant's sole issue is overruled.

The judgment of the trial court is affirmed.

PER CURIAM

Panel consists of Chief Justice Hedges and Justices Jamison and McCally.
Do Not Publish — TEX. R. APP. P. 47.2(b).

6